UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ALI QASEM SALEH ASAAD (A-Number: A-096-169-887),

Petitioner,

v.

SERGIO ALBARRAN, Field Office Director of the San Francisco Immigration and Customs Enforcement Office; MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security; DAVID J. VENTURELLA, Acting Director of United States Immigration and Customs Enforcement; TODD BLANCHE, Acting Attorney General of the United States,

Respondents.

No. 1:26-cv-06865-KES-FJS (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING IMMEDIATE RELEASE

Doc. 1

Petitioner Ali Qasem Saleh Asaad is an immigration detainee with a petition for writ of habeas corpus and motion for temporary restraining order. Docs. 1, 2. For the reasons explained below, the writ of habeas corpus is granted.

**I. Background**

Petitioner is a Yemeni citizen who first entered the United States around 2002. Doc. 6 at 8. In 2003, petitioner was ordered removed by an immigration judge after his application for asylum was denied. *Id.*; Doc. 1 at 8. In 2010, petitioner was placed on an Order of Supervision, which required petitioner to comply with ICE check-ins and other conditions of release. Doc. 1 at

9; Doc. 6 at 2. Petitioner's appeals to the BIA and Ninth Circuit were unsuccessful, rendering his order of removal final. Doc. 6 at 8; Doc. 1 at 8. Petitioner claims to be the beneficiary of a Form I-130 (Petition for Alien Relative), which was approved in March 2023. Doc. 1 at 8. Petitioner also received Temporary Protected Status (TPS) at some point between 2018 and 2024, but the United States discontinued TPS for Yemeni citizens in 2026. *See id.* at 9; Doc. 6 at 8. Petitioner claims he successfully attended his ICE check-ins on April 8, 2026, May 11, 2026, and June 15, 2026, and was permitted to remain in the U.S. after each check-in. Doc. 1 at 9. However, on August 27, 2026, during a routine ICE check-in, petitioner was detained by ICE. *Id.*; Doc. 6 at 2.

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. Discussion

### A. Petitioner's Procedural Due Process Claim

The Court has previously addressed the legal issues raised by claim two of the petition. *See e.g., Lim v. Mullin*, No. 1:26-CV-02368-KES-EGC (HC), 2026 WL 1284247 (E.D. Cal. May 11, 2026); Doc. 12, *Lazo-Soria v. Chestnut*, 1:26-cv-02287-KES-CDB (E.D. Cal. May 18, 2026); *Viengkhone S. v. Albarran*, 817 F. Supp. 3d 901 (E.D. Cal. 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's

prior orders and that would justify denying the petition. Doc. 5. Respondents state, "This case is distinguishable from the cases cited in the Court's order (Doc. __); for example as to *Lazo-Soria*, Petitioner is not subject to the process or procedures of third country removal, and differs from *Lim* in that Petitioner's order of supervision was properly revoked." Doc. 6 at 1.

Petitioner and respondents dispute whether petitioner received adequate notice and informal interview opportunities. Petitioner contends that "[r]espondents did not provide [p]etitioner with a written Notice of Revocation of Release at the time of his re-detention, as required by 8 C.F.R. §§ 241.4(l)(1) and 241.13(i)(3)." Doc. 1 at 3. But respondents submit a Notice of Revocation of Release dated August 27, 2026. Doc. 6 at 15-16. Petitioner further claims that "[r]espondents did not identify any officer with delegated authority under 8 C.F.R. §§ 1.2 and 241.14(l)(2) to revoke [p]etitioner's release, and did not document the findings that a Field Office Director must make before revoking release without referral to the Executive Associate Director of ICE." Doc. 1 at 3. Finally, petitioner alleges that "[r]espondents did not conduct, and have not conducted, the prompt informal interview required by 8 C.F.R. § 241.4(*l*)(1)." Doc. 1 at 3; *see also* Doc. 2-1 at 9. But respondents claim that petitioner was provided this informal interview on August 27, 2026, and that "[p]etitioner did not give an oral or written statement, nor did he provide any documents" at this interview. Doc. 6 at 2. Respondents submit documentation support their contention, *see id.* at 16-17, though petitioner contends that these documents, though dated August 27, 2026, may have been produced after his detention. Doc. 1 at 3.

**B. Petitioner's Lack of Changed Circumstances Claim**

Section 241.13(i)(2) permits revocation of release "if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). Under this regulation, ICE bears the burden of showing that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future. In *Escalante*, which also dealt with a noncitizen who had been ordered removed, was subsequently released on an order of supervision, and then was redetained, the court noted:

> Section 241.13(i)(2)[,] [which is] entitled "Revocation for removal[,]" provides that "the Service may revoke an alien's [supervised] release under this section and return the alien to custody if, on account of changed circumstances, *the Service determines* that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2) (emphasis added). Section 241.4(b)(4)[,] which is entitled "*Service determination under 8 C.F.R. 241.13*[,]" states that, after supervised release under section 241.13, "*if the Service subsequently determines*, because of a change of circumstances, that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future [to the country to which the alien was ordered removed or] a third county, the alien shall again be subject to the custody review procedures under this section." 8 C.F.R. § 241.4(b)(4) (emphasis added).

*Escalante*, 2025 WL 2206113, at *1–3.

Those "regulations clearly indicate" that when ICE revokes release to effectuate removal, ICE must be able to determine that there is "a significant likelihood that the alien may be removed." Escalante, 2025 WL 2206113, at *3. By requiring that ICE be able to make that showing, the regulations account for the fact that either ICE or a court would have previously found that there was no significant likelihood of the noncitizen's removal or that such removal was not in the public interest. *See* 8 C.F.R. § 241.4(e)(1) (authorizing ICE to release a detainee after the initial entry of a removal order if "[t]ravel documents for the alien are not available or, in the opinion of the Service, immediate removal, while proper, is otherwise not practicable or not in the public interest"); *Zadvydas*, 533 U.S. at 701 (authorizing courts to release a detainee who has been ordered removed once it has been determined that "there is no significant likelihood of removal in the reasonably foreseeable future future").

To change the status quo, ICE must be able to identify a "changed circumstance." 8 C.F.R. § 241.13(i)(2): *cf. Acevedo Duran v. Albarran*, No. 1:26-cv-01108-DC-CKD (HC), 2026 WL 539409, at *5 n.6 (E.D. Cal. Feb. 26, 2026) (explaining that when ICE has previously released a noncitizen after determining that they are not a flight risk or danger, the burden is on the government to show a changed circumstance at any future detention hearing). Therefore, the Court must determine whether respondents have complied with the regulations by showing a "changed circumstance" that indicates a "significant likelihood of removal in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2).

Petitioner contends that there are no changed circumstances justifying removal or detention at this time. Doc. 1 at 3. Respondents argue that removal of petitioner is appropriate because "ICE is seeking a travel document to effect [petitioner's] expeditious removal to Yemen." Doc. 6 at 15. Respondents' argument is not persuasive. Petitioner was issued an order of removal in 2003. Doc. 6 at 8. The government did not remove petitioner at that time or in the following 23 years; rather, it released petitioner on an order of supervision. Doc. 2-1 at 7. Against this backdrop of the government's apparent longstanding inability to remove petitioner to Yemen, respondents provide no reason to believe that they will be able to remove him in the reasonably foreseeable future. *See Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *4 (E.D. Cal. July 16, 2025) ("Respondents have not provided any details about why a travel document could not be obtained in the past, nor have they attempted to show why obtaining a travel document is more likely this time around."); *Yan-Ling X. v. Lyons*, 813 F. Supp. 3d 1157, 1164 (E.D. Cal. 2025) ("Respondents fail to explain why China did not issue a travel document in the past or why China is likely to issue a travel document for petitioner in the reasonably foreseeable future").

Detention is permissible under 8 C.F.R. § 241.13(i)(2) only if ICE can show that there is a significant likelihood of removal in the reasonably foreseeable future. *See* 8 C.F.R. § 241.13(i)(2). ICE re-detained petitioner without making that showing and without complying with the regulation. "[U]nder deeply rooted principles of administrative law, not to mention common sense, government agencies are generally required to follow their own regulations." *Fed. Defs. of New York, Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 130 (2d Cir. 2020); *see United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 265–68 (1954). "ICE, like any agency, 'has the duty to follow its own federal regulations.'" *Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017) (quoting *Haoud v. Ashcroft*, 350 F.3d 201, 205 (1st Cir. 2003)). As ICE failed to comply with that regulation, the court finds that petitioner's immediate release is appropriate. *See Yang v. Kaiser*, No. 2:25-CV-02205-DADAC (HC), 2025 WL 2791778, at *11 (E.D. Cal. Aug. 20, 2025) (ordering immediate release of noncitizen detained in violation of regulations); *Hoac v. Becerra*, No. 2:25-CV-01740-DC-JDP, 2025 WL 1993771, at *7 (E.D. Cal.

July 16, 2025) (same); *Nguyen v. Scott*, No. 2:25-CV-01398, 2025 WL 2419288, at *28 (W.D. Wash. Aug. 21, 2025) (same).

**VI. Conclusion and Order**

Accordingly,

1. The petition for writ of habeas corpus, Doc. 1, is GRANTED.
2. Respondents are ORDERED to release petitioner immediately.
3. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless there are material changed circumstances and a neutral decisionmaker determines that there is a significant likelihood of petitioner's removal in the reasonably foreseeable future.
4. The Clerk of Court is directed to close this case and enter judgment for petitioner. The Clerk is directed to serve the Fresno ICE Field Office with a copy of this Order.

IT IS SO ORDERED.

Dated: October 18, 2026



UNITED STATES DISTRICT JUDGE